UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANCISCO DeLEON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| v. | ) | |
| | ) | Judge: |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| and TRANS UNION LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

Francisco DeLeon ("Plaintiff") brings this action on behalf of himself against Defendants Trans Union LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") and states as follows:

**PRELIMINARY STATEMENT**

1. Twenty-three million people are victims of identity theft each year.[1] Plaintiff is a victim of identity theft.

2. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

3. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other

---

[1] Victims of Identity Theft, 2018, 1. U.S. Dept. of Justice, Bureau of Justice Statistics. April 2021, NCJ 256085.

1

information on consumers." 15 U.S.C. § 1681(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681(a)(4).

4. Consumer reporting agencies are to "[…] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681(b).

5. Plaintiff is alleging that Defendants failed to conduct a reasonable investigation into a fraudulent account appearing on Plaintiff's credit reports that was opened fraudulently due to identity theft. This failure has caused significant damage to Plaintiff.

6. Defendants have failed in their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

## JURISDICTION & VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce…") and 15 U.S.C. §1681p ("FCRA").

8. Venue is proper in this judicial district because Defendants engaged in the complained of acts in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..."). Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

**PARTIES**

9. Plaintiff is a natural person who resides in Hildalgo County, Texas.

10. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c): "an individual."

11. Defendant Trans Union is a limited liability company with its principal place of business located in Chicago, Illinois. Trans Union's registered agent is The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

12. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13. Defendant Equifax is a limited liability company with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is Corporation Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78707.

14. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing or credit capacity.

15. Defendants regularly conduct business in the State of Texas.

**FACTS**

16. In or around May 2025, Plaintiff tried to obtain pre-approval for a mortgage and was denied. Plaintiff was told by the lender he was denied due to a fraudulent LVNV Funding Finance, LLC ("LVNV Funding") collection account reporting on his credit reports.

17. On May 12, 2025, Plaintiff accessed his credit reports and discovered that Trans Union and Equifax were reporting the fraudulent LVNV Funding collection account on Plaintiff's

credit reports under account 444796252929**** as a derogatory account opened by Plaintiff with a past due balance of $613.00 that was in collections with original creditor listed as Credit One Bank ("Credit One"). Plaintiff has never authorized or opened a Credit One or LVNV Funding account in his name.

18. In or around May 2025, Plaintiff submitted an FTC Identity Theft Report regarding the fraudulent LVNV Funding account that was discovered on his credit reports.

19. In or around May 2025, Plaintiff also filed a police report with the Hildalgo County Sheriff's Department regarding the fraudulent LVNV Funding account that was discovered on his credit reports.

20. Plaintiff decided to pay a professional to help correct the growing financial issue that was caused by Trans Union and Equifax.

21. On June 16, 2025, Plaintiff caused to be sent a properly addressed dispute letter with sufficient postage, via certified mail, to Trans Union stating that the LVNV Funding account was the result of identity theft and should be removed from his credit file. Plaintiff included a copy of his FTC Identity Theft Report and the Case Card provided by the Hildalgo County Sherrif's Department with this dispute to Trans Union.

22. On June 16, 2025, Plaintiff caused to be sent a properly addressed dispute letter with sufficient postage, via certified mail, to Equifax stating that the LVNV Funding account was the result of identity theft and should be removed from his credit file. Plaintiff included a copy of his FTC Identity Theft Report and the Case Card provided by the Hildalgo County Sherrif's Department with this dispute to Equifax.

23. Trans Union received Plaintiff's dispute letter on June 26, 2025, via USPS certified mail; tracking number: 9407-1118-9956-0041-6669-99.

24. Equifax received Plaintiff's dispute letter on June 26, 2025, via USPS certified mail; tracking number: 9407-1118-9956-0041-6669-37.

25. Plaintiff did not receive a response to his June 2025 dispute letters from Trans Union or Equifax.

26. In or around July 2025, Plaintiff tried again to obtain a pre-approval for a mortgage. Plaintiff was again told by the lender that he still did not qualify due to the erroneous and fraudulent reporting on his Trans Union and Equifax credit reports.

27. In or around August 2025, Plaintiff tried again to obtain a pre-approval for a mortgage. Plaintiff was again told by the lender that he still did not qualify due to the erroneous and fraudulent reporting on his Trans Union and Equifax credit reports

28. On August 18, 2025, Plaintiff accessed his credit reports again, and to Plaintiff's dismay, found that Trans Union and Equifax were still reporting the fraudulent LVNV Funding collection account on Plaintiff's credit reports under account 444796252929**** as a derogatory account opened by Plaintiff with a past due balance of $613.00 that was in collections with original creditor listed as Credit One Bank.

29. Plaintiff never received a notification from Trans Union or Equifax that an identity theft block was processed or declined regarding the fraudulent LVNV Funding account.

30. It is unclear whether Trans Union and Equifax forwarded Plaintiff's dispute letters to LVNV Funding as they are required to under the FCRA.

31. Despite Plaintiff's lawful requests for removal of the information as to the fraudulent LVNV Funding personal loan account pursuant to the FCRA, Defendants failed to adequately investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and fraudulent items from Plaintiff's credit reports.

5

32. Upon information and belief, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed and fraudulent items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

33. The Defendants' actions have damaged Plaintiff financially. Plaintiff has suffered denial of a pre-approval for a mortgage, loss of financial independence and paid for a professional company to help him remove the fraudulent reporting to his Trans Union and Equifax credit reports. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer damage to reputation, humiliation, loss of self-esteem, emotional distress, frustration, mental anguish, and anxiety.

34. Multiple third-party potential creditors have reviewed Plaintiff's Trans Union and Equifax credit reports that contains erroneous information.

35. Defendants' actions have also violated Plaintiff's privacy as they have published these errors to third parties.

36. Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

    i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, loss of focus and production;

    ii. Time and expense of pulling/reviewing credit reports and sending dispute letters to Defendants;

    iii. Believing that the LVNV Funding account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff and have a chilling effect on his ability to obtain credit;

    iv. Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

    v. An inability to improve Plaintiff's credit score during the dispute process;

      vi. Invasion of privacy;

     vii. Denial of a pre-approval for a mortgage;

    viii. A lower credit score; and

     ix. Having to hire attorneys to combat the improper credit reporting.

## COUNT I – Trans Union -Failure to Reasonably Investigate
## Violations of FCRA §§ 1681e(b) and 1681i

37. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

39. Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

40. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

7

41. Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Trans Union must "review and consider all relevant information submitted by the consumer" when it conducts any reinvestigation requested by a consumer.

42. Here, Plaintiff sent a dispute letter along with supporting documentation to Trans Union requesting that Trans Union remove the fraudulent LVNV Funding account information from his Trans Union credit report.

43. Defendant Trans Union failed to conduct a reasonable investigation of the inaccurate and unverifiable information in Plaintiff's Trans Union credit file regarding the fraudulent LVNV Funding account after receiving actual notice of the inaccuracies with supporting documentation showing that the LVNV Funding account was reporting inaccurately.

44. Defendant Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

45. Defendant Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

8

      e. failing to properly delete items of disputed information from Plaintiff's credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

46. These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

47. In the alternative, Defendant Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant Trans Union;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
    h. such other relief as the Court deems equitable, just, and proper.

## COUNT II – Trans Union -Failure to Block Information
## Violations of FCRA § 1681c-2

48. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

49. Pursuant to 15 U.S.C. § 1681c-2(a) a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

50. Pursuant to 15 U.S.C. § 1681c-2(b) A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block.

51. Pursuant to 15 U.S.C. § 1681c-2(c)2, "If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly."

52. Here, Plaintiff sent a dispute letter to Trans Union explaining that the LVNV Funding account was the result of his identity being stolen and included proof of identity, a copy of his FTC identity theft report and the Case Card provided by the Hildalgo County Sherrif's Department with his dispute letter.

53. Defendant Trans Union continued to report the fraudulent LVNV Funding account on Plaintiff's credit file and did not respond to or notify Plaintiff that an identity theft block of the LVNV Funding account was declined.

54. Defendant Trans Union violated 15 U.S.C. § 1681c-2(a) by its conduct, acts, and omissions in failing to block the reporting of information in Plaintiff's consumer file regarding the fraudulent LVNV Funding account after receiving actual notice of the identity theft with supporting documentation.

55. Defendant Trans Union violated multiple sections of 15 U.S.C. § 1681c-2 by its acts and omissions, including, but not limited to, the following:

    a. failing to block the reporting of information in Plaintiff's consumer credit file within 4 business days after receiving notice that the LVNV Funding account was the result of Plaintiff's identity being stolen in violation of § 1681c-2(a);

    b. failing to promptly notify LVNV Funding that the information in Plaintiff's consumer credit file may be the result of identity theft in violation of § 1681c-2(b)(1);

    c.    failing to promptly notify LVNV Funding that an identity report has been filed regarding the fraudulent LVNV Funding account in violation of § 1681c-2(b)(2);

    d.    failing to promptly notify LVNV Funding that a block on Plaintiff's credit file had been requested and the effective dates of said block in violation of § 1681c-2(b)(3) and (4); and

    e.    failing to promptly notify the Plaintiff that a block of the LVNV Funding account had been declined or rescinded in violation of § 1681c-2(c)(2).

56. These violations of §§ 1681c-2 were willful, rendering Defendant Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

57. In the alternative, Defendant Trans Union's violations of § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant Trans Union;
    b. Appropriate statutory penalties for each violation of the FCRA;
    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
    h. such other relief as the Court deems equitable, just, and proper.

## COUNT III – Equifax -Failure to Reasonably Investigate Violations of FCRA §§ 1681e(b) and 1681i

58. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59. A "consumer reporting agency" is defined by the FCRA as follows:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of

furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

60. Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

61. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

62. Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Equifax must "review and consider all relevant information submitted by the consumer" when it conducts any reinvestigation requested by a consumer.

63. Here, Plaintiff sent a dispute letter along with supporting documentation to Equifax requesting that Equifax remove the fraudulent LVNV Funding account information from his Equifax credit report.

64. Defendant Equifax failed to conduct a reasonable investigation of the inaccurate and unverifiable information in Plaintiff's Equifax credit file regarding the fraudulent LVNV Funding account after receiving actual notice of the inaccuracies with supporting documentation showing that the LVNV Funding account was reporting inaccurately.

65. Defendant Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible

accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

66. Defendant Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

   e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

67. These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

68. In the alternative, Defendant Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant Equifax;
   b. Appropriate statutory penalties for each violation of the FCRA;
   c. Actual damages;
   d. Punitive damages;
   e. Reasonable attorney's fees and the costs of this litigation;
   f. Pre-judgment and post-judgment interest at the legal rate;

      g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and

      h. such other relief as the Court deems equitable, just, and proper.

## COUNT IV – Equifax -Failure to Block Information
## Violations of FCRA § 1681c-2

69. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

70. Pursuant to 15 U.S.C. § 1681c-2(a) a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

71. Pursuant to 15 U.S.C. § 1681c-2(b) A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block.

72. Pursuant to 15 U.S.C. § 1681c-2(c)2, "If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly."

73. Here, Plaintiff sent a dispute letter to Equifax explaining that the LVNV Funding account was the result of his identity being stolen and included proof of identity, and a copy of his FTC identity theft report and the Case Card provided by the Hildalgo County Sherrif's Department with his dispute letter.

74. Defendant Equifax continued to report the fraudulent LVNV Funding account on Plaintiff's credit file and did not respond to or notify Plaintiff that an identity theft block of the LVNV Funding account was declined.

75. Defendant Equifax violated 15 U.S.C. § 1681c-2(a) by its conduct, acts, and omissions in failing to block the reporting of information in Plaintiff's consumer file regarding the fraudulent LVNV Funding account after receiving actual notice of the identity theft with supporting documentation.

76. Defendant Equifax violated multiple sections of 15 U.S.C. § 1681c-2 by its acts and omissions, including, but not limited to, the following:

   a. failing to block the reporting of information in Plaintiff's consumer credit file within 4 business days after receiving notice that the LVNV Funding account was the result of Plaintiff's identity being stolen in violation of § 1681c-2(a);

   b. failing to promptly notify LVNV Funding that the information in Plaintiff's consumer credit file may be the result of identity theft in violation of § 1681c-2(b)(1);

   c. failing to promptly notify LVNV Funding that an identity report has been filed regarding the fraudulent LVNV Funding account in violation of § 1681c-2(b)(2);

   d. failing to promptly notify LVNV Funding that a block on Plaintiff's credit file had been requested and the effective dates of said block in violation of § 1681c-2(b)(3) and (4); and

   e. failing to promptly notify the Plaintiff that a block of the LVNV Funding account had been declined or rescinded in violation of § 1681c-2(c)(2).

77. These violations of §§ 1681c-2 were willful, rendering Defendant Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

78. In the alternative, Defendant Equifax's violations of § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

WHEREFORE, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant Equifax;
   b. Appropriate statutory penalties for each violation of the FCRA;

15

    c. Actual damages;
    d. Punitive damages;
    e. Reasonable attorney's fees and the costs of this litigation;
    f. Pre-judgment and post-judgment interest at the legal rate;
    g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
    h. such other relief as the Court deems equitable, just, and proper.

## JURY

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: October 20, 2025

Respectfully submitted,

By: /s/ *James M. Smith*

James M. Smith
Doherty Smith, LLC
7000 W. 127th Street
Palos Heights, IL 60462
Phone: 312-319-2879
Fax: 312-319-4084
JSmith@dohertysmith.com

*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff Francisco DeLeon declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Texas.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Texas that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 10/20/2025_____

 *[signature]*
ID MTV2maPNpzgVVJi1qN3VA78L
_____

/s/ Francisco DeLeon, Plaintiff

17

## eSignature Details

**Signer ID:**  **MTV2maPNpzgVVJi1qN3VA78L**
Signed by:      Francisco Deleon
Sent to email:  franklyons41@gmail.com
IP Address:     174.246.193.203
Signed at:      Oct 20 2025, 4:23 pm CDT